TAYLOR, J.
We have for review appellant’s sentence of life imprisonment imposed pursuant to the Prison Releasee Reoffender Act (“Act”), section 775.082(8)(a)l, Florida Statutes (1997). Appellant challenges the Act’s constitutionality, arguing that the Act violates the separation of powers doctrine. The appellant further contends that he qualifies under the “extenuating circumstances” provision of the Act, and, therefore, should not have been sentenced as a Prison Releasee Reoffender. § 775.082(8)(d)l.d, Fla. Stat. We affirm appellant’s sentence.
Appellant committed an armed robbery within three years of his release from prison, and the state sought a sentence enhancement pursuant to the Act. The appellant presented evidence of his physical condition and drug problem in order to establish that he lacked the ability to form the specific intent to commit the crime of robbery. Further evidence adduced at trial revealed that appellant had undergone four brain surgeries resulting in the removal of more than half of his brain and loss of sight in one eye. Appellant’s medical condition resulted from a misdiagnosis he received as a teenager. After the surgeries, appellant began using drugs.
Dr. Gary Schwartz, a psychologist, testified that on the weekend of the robbery, appellant had consumed numerous drugs, had gone without sleep, and ingested very little food. The appellant’s physical condition intensified the effect of the drugs, which, when coupled with his below-average IQ, caused appellant to operate at an “instinctual level.” The psychologist concluded that the appellant did not have the mental ability to form the necessary intent to commit the robbery.
At the sentencing hearing, the state requested the judge to sentence appellant as a prison releasee reoffender (PRR). Defense counsel urged the court not to impose a PRR sentence, arguing that appellant, due to his physical and emotional condition, fell within the “extenuating circumstances” exception to the Act. The trial judge heard extensive testimony from Dr. Schwartz regarding the appellant’s drug use and physical and mental condition. He concluded, however, that judges lacked sentencing discretion under the Act. The *1270 trial judge stated that the Act is a “mandatory act that judges have to follow.” He opined that only the prosecutor had discretion to determine whether he would seek the mandatory minimum for one of the four enumerated statutory exceptions. Noting his disagreement with the statute, the trial judge sentenced appellant to life imprisonment as a PRR.
In State v. Cotton, SC94996, SC95281, — So.2d -, 2000 WL 766521 (Fla. June 15, 2000), our supreme court upheld the Act’s constitutionality in the face of a separation of powers challenge. The court refused to invalidate the Act “simply because the prosecutor has broad discretion, not otherwise subject to judicial review ...” Id. at *5, at-.
[Pjursuant to the legislative scheme, it is the state attorney who invokes application of the mandatory sentencing provisions; the state attorney who must determine whether there are extenuating circumstances (three of which are specifically identified) precluding just prosecution of the offender pursuant to the Act; and the state attorney who is held accountable by the Legislature to the public in those instances where exceptions to prosecution under the Act are made.
Id. at *3, at-.
Accordingly, we affirm appellant’s sentence under the Prison Releasee Reoffen-der Act.
AFFIRMED.
WARNER, C.J. and WHITE, ALICE BLACKWELL, Associate Judge, concur.